# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-CV-09109-RGK-SS | Date | March 4, 2020 |
|---|---|---|---|
| Title | *EMANUEL ANDRADE V. FCA US LLC ET AL* | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:

Not Present                                          Not Present

**Proceedings:**    (IN CHAMBERS) Order Re: Order Remanding Action to State Court

## I. INTRODUCTION

On September 19, 2019 Emanuel Andrade ("Plaintiff") filed a Complaint against FCA US LLC ("Defendant") at the Los Angeles County Superior Court alleging violations of the Song-Beverley Consumer Warranty Act.

On October 22, 2019, Defendant filed an answer to the Complaint. On October 23, 2019, Defendant removed the action to federal court, alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his Complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of removal, Defendant summarily states that without considering attorney's fees and incidental and consequential damages, Plaintiff seeks at least $189,000 in monetary damages and civil penalties. Defendant's calculations are based on its partially illegible Sales Contract indicating a total sales price of about $63,000 and Plaintiff's Complaint which alleges Plaintiff is entitled to reimbursement of the purchase price paid and civil penalties along with attorney fees.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-09109-RGK-SS | Date | March 4, 2020 |
|---|---|---|---|
| Title | ***EMANUEL ANDRADE V. FCA US LLC ET AL*** | | |

As an initial matter, Defendant's conclusory statement does not satisfy its burden of showing by a preponderance of the evidence that the amount in controversy has been met. Second, the Complaint alleges that Plaintiff purchased the vehicle under an installment contract. While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. The Complaint alleges that Defendant's third-party dispute resolution provider, California Dispute Settlement Program, found the vehicle was a lemon and ordered Defendant to repurchase the vehicle with one deduction for the calculated 15,502 mileage use of the vehicle. Here, there is no indication as to what the dollar amount for the reduced recovery would be. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Again, there are no facts indicating how many payments have already been made on the installment contract.

As Defendant points out, Plaintiff alleges he is entitled to a civil penalty of up to two times the amount of actual damages along with attorneys' fees. However, the Court finds that Defendant's inclusion of civil penalties in the amount in controversy is similarly deficient. Defendant has not offered any evidence to support such an award. At best, Defendant has provided only speculation.

Accordingly, the Court is not satisfied that Defendant has satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer